UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ROBERTSON and KINDRA ROBERTSON,<br><br>      Plaintiffs,<br><br>    v.<br><br>Mc-NEIL PPC, INC., JOHNSON & JOHNSON, and DOES 1-20, inclusive,<br><br>      Defendants. | NO. CV 11-09050-JAK (SSx)<br><br>**MEMORANDUM AND ORDER RE: PARTIES'**<br><br>**STIPULATED PROTECTIVE ORDER** |

The Court has received and considered the parties' "Stipulated Protective Order" (the "Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful and specific fashion (for example, "personnel records," "medical records," or "tax returns," etc.). Here, the parties define

confidential information as "information of any type, kind or character that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c)(1)(G), whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed." (Protective Order at 2, ¶ 5). This description does not clearly place the parties or the Court on notice of the specific documents covered by the proposed protective order. As such, the definition is overbroad. The parties may submit a revised stipulated protective order, but must correct this deficiency.

Second, the proposed Protective Order fails to include an adequate statement of good cause. Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis requires examination of good cause) (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002)); San Jose Mercury News, Inc. v. United States Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

The Court may only enter a protective order upon a showing of good cause. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006) (parties must make a "particularized showing" under Rule 26(c)'s good cause showing for court to enter protective order); Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good cause for a protective order); Makar-Wellbon v. Sony Electrics, Inc.,

1  187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
2  require good cause showing).

4      In any revised stipulated protective order submitted to the Court,
5  the parties must include a statement demonstrating good cause for entry
6  of a protective order pertaining to the documents or information
7  described in the order.  The paragraph containing the statement of good
8  cause should be preceded by a heading stating: "GOOD CAUSE STATEMENT."
9  The parties shall articulate, for each document or category of documents
10 they seek to protect, the specific prejudice or harm that will result
11 if no protective order is entered.  <u>Foltz</u>, 331 F.3d at 1130 (citations
12 omitted).

14     In addition, the Court will not agree to the procedure the parties
15 propose for resolving disputes. (Protective Order at 4-5, ¶ 14(e); 5-6,
16 ¶ 14(h); 7-8, ¶ 18; 9, ¶ 26; 9-10, ¶ 27; 12, ¶ 34).  Before seeking
17 court intervention in any discovery matter, the parties must strictly
18 comply with the Central District's Local Rule 37, including the letter
19 and meet and confer requirements set forth in L.R. 37-1.  Both parties
20 must timely file a written joint stipulation containing all issues in
21 dispute.  C.D. Cal. L.R. 37-2, 37-2.1.  The form and preparation of this
22 stipulation are expressly laid out in Local Rules 37-2.1 and 37-2.2.
23 C.D. Cal. L.R. 37-2.1, 37-2.2.  The Court will not consider the dispute
24 unless the stipulation or a declaration from the moving party describing
25 how the opposing party failed to cooperate in formulating the
26 stipulation is timely filed.  <u>See</u> C.D. Cal. L.R. 37-2.4.

     Moreover, the Court cannot agree that the documents that the parties choose to designate as confidential shall be labeled as "Confidential - Subject to Protective Order." (Protective Order at 3, ¶ 6). Such labeling might suggest that the Court itself had made a determination regarding the confidential nature of the information when, in fact, only the parties had made such a determination. The parties are free, in a revised protective order, to agree that documents be marked as confidential, but should not include any language suggesting that the Court has also reached that conclusion.

     Furthermore, the Court advises the parties that all future discovery documents filed with the Court shall include the following in the caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

     Finally, the Court notes that its website contains additional guidance regarding protective orders. This information is available in Judge Segal's section of the link marked "Judges Procedures & Schedules." (See http://court.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb080863c88ab47882567c9007fa070/659321b97852bf34882579f5006b0818?OpenDocument). The parties may submit a revised Stipulation and [Proposed] Protective Order for the Court's consideration.

     IT IS SO ORDERED.

DATED: August 14, 2012

                                       /S/
                              _____
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE